UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JOSHUA TAYLOR, | ) |
| Petitioner, | ) ) ) |
| v. | ) ) No. 2:19-cv-00385-JPH-MJD |
| RICHARD BROWN, | ) ) ) |
| Respondent. | ) ) |

**Order Denying Petition for a Writ of Habeas Corpus
and Directing Entry of Final Judgment**

Indiana prison inmate Joshua Taylor petitions for a writ of habeas corpus challenging a prison disciplinary sanction imposed in disciplinary case number MCF 19-01-0600. For the reasons explained in this Order, the habeas petition is **denied**. The petitioner's motion for court assistance, dkt. [17], is **denied as moot**.

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal*, 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).

### B. The Disciplinary Proceeding

On January 30, 2019, Indiana Department of Correction ("IDOC") Correctional Officer M. Malott wrote a Report of Conduct charging the petitioner with possession of intoxicants, a violation of IDOC Adult Disciplinary Code B-231. Dkt. 12-1. The Report of Conduct states:

> On 1/30/2019 at approximately 1:20pm Lieutenant N. Harris and I, Officer M. Malott, were in CHU cell 445/446 shaking it down for possible contraband. While shaking down the cell I discovered two (2) clear trash bags of an unknown liquid substance that smelled like rotting fruit in a property box belonging to Offender Taylor, Joshua #160810 C-445. Along with the unknown liquid substance I found two (2) small lengths of medical tubing sticking out of the clear trash bags. All items were confiscated and photos were taken for evidence.

*Id.*

On February 6, 2019, the petitioner was notified of this charge and provided a copy of the Screening Report. Dkt. 12-4. He pleaded not guilty and requested video evidence, photographs, and a witness statement. *Id.* He also asked why prison officials believed the contraband had been found in his property box, as opposed to the property box of his cellmate. *Id.*

On February 19, 2019, offender Stephen Washington provided a witness statement indicating he had "no idea" what happened regarding the petitioner's alleged disciplinary violation.

On March 11, 2019, at 10:00 a.m., the petitioner was provided a copy of a report summarizing the requested video evidence. Dkt. 12-8. The report states:

> I (D. Betzner) reviewed the DVR of the incident on 1/30/19. It is unclear on DVR as to who located the items as this occurred inside of the cell with the offenders standing in front blocking the limited view into the cell and more than one staff member performing a cell search.

*Id.*

The disciplinary hearing was originally scheduled for February 11, 2019. Dkt. 12-6, p. 1. It was postponed several times to allow prison officials more time to obtain the requested video evidence and witness statement. *Id.* at 1-3. The disciplinary hearing was ultimately held on March

12, 2019, at 8:00 a.m. *Id.* at 3; dkt. 12-7. Notice of this hearing date was mailed to the petitioner on March 1, 2019. Dkt. 12-6, p. 3.

At the disciplinary hearing, the petitioner provided the following statement: "They found it in the box without the lock on it. Mine has the lock. It was my roommate's stuff." Dkt. 12-7. The disciplinary hearing officer found the petitioner guilty based on the evidence in the staff reports and imposed a deprivation of 30-days earned credit time. *Id.*

The petitioner appealed his disciplinary conviction to the Facility Head and the IDOC Final Reviewing Authority. Dkts. 12-10, 12-11. These appeals were denied. *Id.* He then filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### C. Analysis

The petitioner raises three grounds for relief, which the Court restates as: (1) he was provided with a copy of the report summarizing video evidence less than 24 hours before the disciplinary hearing in violation of IDOC policy; (2) the evidence is insufficient to support the disciplinary conviction; and (3) there was no Report of Disciplinary Hearing in his discipline file. Dkt. 1, p. 3.

#### 1. Report of Video Evidence

A violation of IDOC policy during a disciplinary proceeding is not a basis for habeas relief unless it overlaps with one of the due process rights outlined in *Wolff* and *Hill*. *See, e.g.*, *Keller v. Donahue*, 271 F. App'x. 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process").

The alleged violation of IDOC policy in this case implicates the petitioner's right to adequate notice of the disciplinary hearing under *Wolff* and *Hill*. Due process requires that an inmate be given advanced "written notice of the charges . . . in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." *Wolff*, 418 U.S. at 564. "The notice should inform the inmate of the rule allegedly violated and summarize the facts underlying the charge." *Northern v. Hanks*, 326 F.3d 909, 910 (7th Cir. 2003) (citations and quotation marks omitted).

The petitioner was provided written notice of the charge against him on February 6, 2019. Dkt. 12-4. This notice provided him the opportunity to request a witness statement and physical evidence. *Id.* The disciplinary hearing was postponed multiple times in order to obtain the requested evidence. Dkt. 12-6. Although the report summarizing the video evidence was provided to the petitioner less than 24 hours before the hearing, this report merely indicates that the video recording did not capture the search of the petitioner's cell. Accordingly, the petitioner's request for relief on this ground is **denied**.

2. **Sufficiency of the Evidence**

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274. The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. The Report of Conduct alone may provide some evidence to support the disciplinary conviction if the

report "describes the alleged infraction in sufficient detail." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

The Report of Conduct provides sufficient evidence of the petitioner's guilt. Prison officials discovered an intoxicating substance—the fermenting juice of rotting fruit—in the petitioner's property box. A correctional officer's opinion that a substance appears to be an illegal or prohibited drug satisfies the "some evidence" standard. *See Burks-Bey v. Vannatta*, 130 F. App'x 46, 48 (7th Cir. 2004) ("As to whether it was tobacco the guards found, prison officials do not need a chemist to help decide the question.") (citing *United States v. Sanapaw*, 366 F.3d 492, 496 (7th Cir.2004) (even in a criminal trial, chemical analysis is not required to prove the identity of a suspected controlled substance); *United States v. Pigee*, 197 F.3d 879, 890 (7th Cir.1999) (a sentencing judge may determine that cocaine base was crack through witness testimony; chemical analysis is not required)).

The petitioner's claim that the intoxicating substance was found in his cellmate's property box, and not his, is a request to reweigh the evidence, which this Court may not do. *See Calligan v. Wilson*, 362 F. App'x 543, 545 (7th Cir. 2009) (citing *Hill*, 472 U.S. at 455; *Scruggs*, 485 F.3d at 941). Accordingly, his request for relief on this ground is **denied**.

### 3. Report of Disciplinary Hearing

"Due process requires that an inmate subject to disciplinary action is provided a written statement by the factfinders as to the evidence relied on and the reasons for the disciplinary actions." *Scruggs*, 485 F.3d at 941 (internal quotation omitted). "Ordinarily a mere conclusion that the prisoner is guilty will not satisfy this requirement." *Saenz v. Young*, 811 F.2d 1172, 1174 (7th Cir. 1987). But when a case is "particularly straightforward," the hearing officer need "only

to set forth the evidentiary basis and reasoning for the decision." *Jemison v. Knight*, 244 Fed. Appx. 39, 42 (7th Cir. 2007).

The petitioner's right to a written statement is satisfied by the Report of Disciplinary Hearing. Dkt. 12-7. Although the petitioner claims that this form is not in his disciplinary file, it has been submitted to the Court in this proceeding. *Id.* The petitioner has not explained how he was prejudiced by prison officials' alleged failure to provide him with a copy of this report before he filed his administrative appeals and habeas petition. Furthermore, the petitioner did not present this ground for relief in his administrative appeals and may not do so for the first time on habeas review. *See Lewis v. Sternes*, 390 F.3d 1019, 1025-26 (7th Cir. 2004). Accordingly, the petitioner's request for relief on this ground is **denied**.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles the petitioner to the relief he seeks. Accordingly, the petition for a writ of habeas corpus must be **denied** and the action dismissed.

**SO ORDERED**.

Date: 7/10/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JOSHUA TAYLOR
160810
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Frances Hale Barrow
INDIANA ATTORNEY GENERAL
frances.barrow@atg.in.gov